**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

KEVIN R. MOLLOY                              CIVIL ACTION NO. 16-0218

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

LUCY G. SIKES                                MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is an appeal (Record Document 1) of the Bankruptcy Court's Order (Bankruptcy Record Document 41) denying Appellant Kevin R. Molloy's ("Appellant") "Application for Compensation by Attorney for Debtor Requesting an Ex Parte Order Approving Compensation" and the subsequent Order (Bankruptcy Record Document 45) denying Appellant's "Motion to Vacate Order." For the reasons which follow, the Bankruptcy Court's orders are **REVERSED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2015, the Debtor Mario C. Marshall ("Debtor") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. At that time, the Debtor maintained full time employment as a tow truck driver for Tow Masters. See Record Bankruptcy Case 15-10350, Page ID #55. The Debtor filed his Chapter 13 bankruptcy petition in an effort to prevent the seizure of his 2011 Ford F-150, upon which Shreveport Federal Credit Union maintained a lien. See Record Bankruptcy Case 15-10350, Page ID #44.

At the Debtor's Section 341 meeting of creditors, held on April 6, 2015, the Debtor informed the Trustee and Debtor's counsel (Appellant) that he left his employment at Tow Masters in order to begin working as an independent taxi driver through the IP Taxi Service. The Chapter 13 Trustee objected to the Debtor's proposed Chapter 13 plan, in

1

part, on the basis of the Debtor's new employment and requested verified copies of all pay records from the date of hire. See Record Bankruptcy Case 15-10350, Page ID #146.

On June 30, 2015, the Debtor filed a "Corrected Amended Chapter 13 Plan Before Confirmation and Amended Schedules I and J," (Record Bankruptcy Case 15-10350, Page ID #177), reflecting the Debtor's anticipated new income and expenses. See Record Bankruptcy Case 15-10350, Pages ID #190-196. The Chapter 13 Trustee filed an "Objection to the Amended Plan" and requested that the Debtor provide the Trustee with income records. See Record Bankruptcy Case 15-10350, Page ID #205.

Business records were provided to the Chapter 13 Trustee and, on August 25, 2015, an "Amended Chapter 13 Plan Before Confirmation" was filed to resolve the Trustee's objection and to surrender a rent-to-own television and recliner. See Record Bankruptcy Case 15-10350, Page ID #216. Nonetheless, the Chapter 13 Trustee objected to the amended Chapter 13 plan, questioning the feasibility of the Debtor's plan based upon the reduced income reflected in the Debtor's records. After the Debtor had a number of confirmation hearings on his Chapter 13 plan and continued to make payments, the Debtor decided to convert his Chapter 13 case to one under Chapter 7.

With the Debtor's approval and before any motion to convert the case had been filed, Appellant filed an "Application for Compensation by Attorney for Debtor Requesting an Ex-Parte Order Approving Compensation" (the "Application"). See Record Bankruptcy Case 15-10350, Pages ID #259-261. The Application sought ex-parte attorney fees pursuant to Local Bankruptcy Rule 2016-1. See id. The compensation for attorney fees sought in the Application were for services provided in the Chapter 13 case. See id. The Application recognized that the Debtor intended to convert his case to one under Chapter

7. See id. On January 25, 2016, the Bankruptcy Court denied the Application for the following reasons:

> See Harris v. Viegelahn, 2015 WL 2340847,[1] the Supreme Court has held that plan payments in the hands of a chapter 13 trustee return to the debtor upon conversion. Chapter 13 trustees cannot pay creditors from accumulated plan payments after conversion; such an act would contravene 348(3)'s termination of their services, and distribute property to creditors that is not part of the estate in the converted case pursuant to 348(f)(1).

Record Bankruptcy Case 15-10350, Page ID #262.

In response to the Court's denial of the Application, the Appellant filed a "Motion to Vacate Order" on January 27, 2016, asking the Bankruptcy Court to reconsider its denial of the fee application as Harris v. Viegelahn does not apply to prevent the payment of attorney fees prior to a Chapter 13 case. See Record Bankruptcy Case 15-10350, Pages ID #264-267. On January 28, 2016, the Court entered an "Order Denying Motion to Vacate and Request for Expedited Hearing" and provided written reasons for the denial.[2] See Record Document 1-1. Appellant filed the instant appeal on February 2, 2016. See Record Document 1. In support of the appeal, Appellant filed a brief on April 18, 2016. See Record Document 4. No opposition brief has been filed.

## LAW AND ANALYSIS

### A. Jurisdiction

The United States Bankruptcy Court has the authority to issue final orders pursuant to 28 U.S.C. § 157(b). This United States District Court for the Western District of

---

[1] Harris v. Viegelahn, -- U.S. --, 135 S.Ct. 1829 (2015).
[2] The Bankruptcy Court denied the Motion to Vacate ruling it is the "historical practice" of the court to not rule on a fee application until a dispositive event (*i.e.* conversion); and, once the case is converted the court is bound by Harris. See Record Document 1-1 at 5. The Bankruptcy Court further reasoned that even if it did award an interim fee in a Chapter 13 case, which would later be converted to Chapter 7 pre-confirmation, it "would have no force or effect." See id. at 6.

3

Louisiana, Shreveport Division has subject matter jurisdiction, pursuant to 28 U.S.C. § 158(a)(1) and 28 U.S.C. § 1334(b), to hear appeals from a final order of the Bankruptcy Court. "Final orders" of a Bankruptcy Court under 28 U.S.C. § 158 include both (1) "a final determination of the rights of the parties to secure the relief they seek" and (2) "a final disposition of a discrete dispute within the larger bankruptcy case." Bartee v. Tara Colony Homeowners Ass'n (In re Bartee), 212 F.3d 277, 282 (5th Cir. 2000).

### B. Standard of Review

In reviewing a bankruptcy court decision, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal. See In re Webb, 954 F.2d 1102, 1103-04 (5th Cir. 1992). Because the same standard of review applies to both the District Court and Court of Appeals when these Courts are reviewing the decisions of a Bankruptcy Court, the District Court is tasked with reviewing "the bankruptcy court's award of attorney fees for abuse of discretion." In re Woerner, 783 F.3d 266, 270 (5th Cir. 2015). According to the Fifth Circuit, "'[a]n abuse of discretion occurs where the bankruptcy court (1) applies an improper legal standard or follows improper procedures in calculating the fee award, or (2) rests its decision on finding of fact that are clearly erroneous.'" Id. at 270-271, citing In re Cahill, 428 F.3d 536 at 539 (5th Cir. 2005). Legal conclusions are reviewed *de novo.* See Id.; In re Herby's Foods, Inc., 2 F.3d 128, 130 (5th Cir. 1993). A bankruptcy court's findings of fact are reviewed for clear error, with proper deference to that court's opportunity to make credibility determinations. See Fed. R. Bankr. P. 8013; In re McDaniel, 70 F.3d 841, 842-43 (5th Cir. 1995). There are no factual disputes in this case. See Record Document 4 at 7. The

4

issues presented on appeal are purely legal; therefore, the Court reviews the Bankruptcy Court's decision under a *de novo* standard of review.

**C.    Analysis**

This case presents two narrow issues of law: (1) whether the Supreme Court case of Harris v. Viegelahn precludes the payment of attorney's fees in a Chapter 13 case prior to the conversion of the case to one under Chapter 7 and (2) whether the Bankruptcy Court erred as a matter of law when it found it could not award attorney's fees in a Chapter 13 case prior to confirmation of a Chapter 13 plan, conversion to a Chapter 7 case, or dismissal of the case.[3] After a review of Harris, relevant case law, the Bankruptcy Court's written reasons accompanying its "Order Denying Motion to Vacate and Request for Expedited Hearing," and the appellant's brief, the Court finds the ruling in Harris does not preclude payment of attorney's fees in a Chapter 13 case prior to the conversion and the Bankruptcy Court was in error when it ruled it could not award such fees prior to conversion.

---

[3] Since this underlying bankruptcy proceeding has already been converted to a Chapter 7 case, the funds to pay the requested attorney fees have been returned to the Debtor as directed in Harris. Thus, the Appellant would not receive any funds from the Trustee even if the Bankruptcy Court were to grant his application on remand. Because the "the actual controversy between the parties "must exist at [all] stages of appellate or certiorari review, and not simply at the date the action is initiated," this Court could be without subject matter jurisdiction based on the doctrine of mootness. See Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 712 (1973). However, an exception to the mootness doctrine arises in cases where the underlying dispute is one "capable of repetition, yet evading review." Gannet Co., Inc. v. DePasquale, 443 U.S. 368, 377, 99 S.Ct. 2898, 2904 (1979). Under this exception, two conditions must be satisfied: (1) the challenged action must be in its duration too brief to be fully litigated before its cessation or expiration, and (2) there must be a reasonable expectation that the same complaining party will be subject to the action again. See id. The Court agrees with the Appellant that this matter falls within the exception to the mootness doctrine. See Record Document 4 at 19.  The Court will not address this issue any further.

### i. <u>Harris v. Viegelahn</u> does not Preclude the Awarding of Attorney's Fees Prior to Conversion

In Harris, the United States Supreme Court held that plan payments made by a Chapter 13 debtor from post-petition wages and held by the Chapter 13 trustee at the time a case is converted to Chapter 7 must be returned to the debtor, rather than distributed to creditors. See Harris v. Viegelahn, ––– U.S. ––––, 135 S.Ct. 1829, 1837 (2015). The Supreme Court specifically rejected the Chapter 13 trustee's argument that on conversion undistributed funds must be disbursed to creditors pursuant to §§ 1326(a)(2) and 1327(a). See id. at 1838. Instead, the Supreme Court found that § 348(f)[4] requires that on conversion accumulated wages must be returned to the debtor. See id.

The Supreme Court's ruling in Harris is narrow and concise. Nothing in the ruling indicates that administrative fees of the Chapter 13 case cannot be distributed prior to the conversion. The ruling simply holds that after conversion any funds retained by the Chapter 13 Trustee must be returned to the Debtor.

11 U.S.C. § 1326(a)(2) provides that:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).[5]

---

[4] 11 U.S.C. § 348(f)(1) provides that, absent bad faith, the Chapter 7 estate of a converted Chapter 13 does not include post-petition wages; rather, it only includes property of the estate as of the date of the filing of the petition that remains in the debtor's possession or control on the conversion date.

[5] 11 U.S.C. § 503(b)(4) allows "reasonable compensation for professional services rendered by an attorney… based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant."

In the instant matter, the Bankruptcy Court found that, "As interpreted in Harris, § 348 trumps § 1236's general instructions concerning the larger set of cases in which 'a plan is not confirmed.'" Record Document 1-1 at 6. Reaching this conclusion, the Bankruptcy Court stated,

> "Section 1326(a)(2) does not directly address cases of conversion; it only generally governs cases 'where a plain is not confirmed.' On the other hand, [S]ection 348 directly addresses the effects of conversion…."

Id. Respectfully, this Court disagrees with the Bankruptcy Court's conclusion.

The Bankruptcy Court's statement would be correct if its denial of the Application were granted after the conversion of the case. However, the court's ruling was made prior to the conversion of the case. Since the case had not been converted, this Court finds neither Harris nor § 348 applicable. Nothing in the Supreme Court's decision, nor § 348, prevents the awarding and payment of compensation for attorney fees prior to the conversion of the Chapter 13 case to one under Chapter 7. In the instant matter, no motion to convert had been filed prior to the fee application and it was the intent of both the Appellant and the Debtor that the case would not be converted until after the Court ruled on the Application. Therefore, this Court finds that Harris does not preclude the payment of attorney fees in a Chapter 13 case prior to the conversion of the case to one under Chapter 7.

### ii. The Bankruptcy Court's Order

The Bankruptcy Court also denied the Appellant's Application because of the court's "historical practice" of not ruling on a fee application in a Chapter 13 case until

7

after such case is confirmed, dismissed, or converted.[6] See Record Document 1-1 at 5. This "historical practice" is supported by the requirement that the attorney's services must be evaluated pursuant to 11 U.S.C. § 330. See id. Section 330(a)(4)(B) contains a specific provision concerning compensation of debtor's attorneys in Chapter 13 cases:

> In a chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on the consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

Although this Court is not entirely clear as to its reasoning, the Bankruptcy Court cited the case In re Polishuk, 258 B.R. 238 (Bankr. N.D. Okla. 2001), in support for its conclusion. There, fees for preparation of the plan, for claims litigation, and for efforts to keep the debtor's car during a Chapter 13 case were not allowed based on the lack of benefit to the debtor or the estate. See id. at 249-50. The court found that counsel could not have reasonably believed that the debtor had a realistic hope of reorganization under any chapter of the Bankruptcy Code. See id. at 249. Relying on In re Polishuk, the Bankruptcy Court concluded, "[t]hese evaluations are best made by the Court after a dispositive event in a Chapter 13 case." Record Document 1-1 at 5.

Like the Appellant, this Court does not see the applicability of In re Polishuk to the instant matter. See Record Document 4 at 17. If the Bankruptcy Court is implying that the fee requested should not have been granted because the Appellant's services were not beneficial or necessary to the Debtor, this Court disagrees. In denying the fee request, the Polishuk court found there was a "very strong indicia that Mr. Polishuk sought the

---

[6] If the Bankruptcy Court waited until the Chapter 13 case had been converted to rule on the Application, any award of attorney's fees would have been precluded by Harris.

protection of this Court for the main purpose of deferring and/or defeating the efforts of the State Court in the Divorce Action." In re Polishuk, 258 B.R. at 246. The case was filed one business day before the trial of the divorce action and the court concluded the debtor never maintained a sincere desire to reorganize. See id.

The circumstances in the instant matter are not in any way similar to the facts in Polishuk. Here, all of the fees requested by Appellant were for services provided in order to allow the Debtor to meet his duties required under 11 U.S.C. § 521(a)(1) (the preparation of the bankruptcy petition, schedules, statement of financial affairs and plan), and attendance at the meeting of creditors required by 11 U.S.C. § 341. See Record Bankruptcy Case 15-10350, Pages ID #259-261. Even if the services were ultimately unsuccessful, that by itself does not preclude awarding fees. In re Woerner, 783 F.3d at 274, the Fifth Circuit stated, "Section 330 … explicitly contemplates compensation for attorneys whose services were reasonable when rendered but which ultimately may fail to produce an actual material benefit." The Fifth Circuit further noted that:

> The statute permits a court to compensate an attorney not only for activities that were "necessary," but also for good gambles -- that is, services that were objectively reasonable at the time they were made -- even when those gambles do not produce an "identifiable, tangible, and material benefit." What matters is that, prospectively, the choice to pursue a course of action was reasonable.

Id.

As of the filing of this appeal, the standard no-look fee for a Chapter 13 case in the Western District of Louisiana was $2,800.00.[7] See "Amended Standing Order Regarding 'No-Look' Fees in Chapter 13 Cases", filed on September 19, 2013. Here, Appellant only

---

[7] Effective February 1, 2017 for cases filed on or after that date, the standard no-look fee for a Chapter 13 case in the Western District of Louisiana is now $3,000. See "Amended Standing Order Regarding 'No-Look' Fees in Chapter 13 Cases", filed on January 24, 2017.

sought $1,000. See Record Document 1-1 at 1. The Court believes such a fee is reasonable. If the Bankruptcy Court believed it was unreasonable, it had the chance to rule accordingly when it had the Application before it. Instead, it declined to do so based on its "historical practice" and interpretation of Harris. As this Court has ruled, Harris did not preclude such a determination because the fee application was filed before the case was converted.

If the Bankruptcy Court relied on In re Polishuk to support its "historical practice" of not ruling on fee applications until a dispositive event has occurred, then this Court is unpersuaded. Just as the Bankruptcy Court has the authority to award final fees in a case, it also has the authority to award interim compensation. 11 U.S.C. §331, entitled "Interim Compensation," reads as follows:

> Section 330 gives a Bankruptcy Court discretion to determine the amount of reasonable compensation. But the statute also constrains that discretion by requiring the Court to "tak[e] into account" a set of listed factors, including "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." (Emphasis in original). Id at 273 citing 11 U.S.C. §330(a)(3)(C).

Although not commonly sought, courts have awarded interim compensation to attorneys in Chapter 13 cases. See In re Orris, 166 B.R. 935, 937 (Bankr. W.D. Wash. 1994); In re Boddy, 950 F.2d 334, 336 (6th Cir. 1991); In re Murray, 348 B.R. 917, 919 (Bankr. M.D. Ga. 2006). Furthermore, Section 331 does not require the confirmation of a plan in order to provide interim compensation. See 11 U.S.C. § 331. Although it may be the "historical practice" of the Bankruptcy Court to wait for a dispositive event to occur before ruling on fee applications, there is nothing in the law that requires such practice.

The Bankruptcy Court further supported its ruling by stating:

> Even if the Court granted the application for compensation, the Supreme Court's holding in Harris would prohibit the Chapter 13 Trustee from making a distribution to the attorney once the case converted to Chapter 7. Since most, if not all, Chapter 13 Trustees would not make a distribution of attorney fees until a Chapter 13 case is either confirmed or dismissed (and, prior to the Harris opinion, perhaps converted to Chapter 7), the granting of an order for the payment interim attorney fees in a Chapter 13 case, when the case will later be converted to a Chapter 7 preconfirmation, would have no force or effect.

Record Document 1-1 at 6. The question before us is not whether the Trustee would make the distribution before a Chapter 13 case is converted to one under Chapter 7, but whether the Bankruptcy Court erred when it ruled it could not award attorney fees in a Chapter 13 case prior to a dispositive event. As analyzed above, this Court believes it did.

The Bankruptcy Court's ruling makes the collection of attorney fees for work performed during a Chapter 13 case 100% contingent upon the successful confirmation of a Chapter 13 plan. Confirmations of Chapter 13 plans are not common. See Harris, 135 S.Ct. at 1835 (observing that Congress recognized the propensity of chapter 13 cases to fail, with only one in three ending in discharge). To require such an event would be inequitable. As the Bankruptcy Court acknowledged in its ruling, "Harris has called into question the validity of many bankruptcy courts' local rules regarding pre-confirmation conversion." Record Document 1-1 at 5. To not effectuate a change in the court's "historical practice" would signify that the Judicial System is so entrenched in one way of doing things that it cannot adopt to changes based upon new law.

To accommodate a significant change in the law, as Harris was, the Bankruptcy Court had the authority, pursuant to Sections 330 and 331, to award the Appellant's fee he sought in his Application filed before the Chapter 13 case was converted. Instead, it

11

chose not because of its "historical practice" of approving such fees after dispositive events. This Court finds that decision to be an abuse of discretion.

## CONCLUSION

Because the Appellant filed the Application before the Chapter 13 case had been converted to one under Chapter 7, the Supreme Court's ruling in Harris did not preclude the payment of attorney fees prior to the conversion. Additionally, the Bankruptcy Court's decision to decline the Application based on its "historical practice," when the court had the authority to award such a fee, was an abuse of discretion in this instance. Therefore, the Bankruptcy Court's Order (Bankruptcy Record Document 41) denying the "Application for Compensation by Attorney for Debtor Requesting an Ex Parte Order Approving Compensation" and the subsequent Order (Bankruptcy Record Document 45) denying Appellant's "Motion to Vacate Order" are hereby **REVERSED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 7th day of February, 2018.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT